## SUPREME JUDICIAL COURT

### FOR THE COUNTY OF

## SOMERSET.

### JUNE TERM,

### 1823.

---

### WYMAN & AL. v. HOOK.

*Assumpsit* will not lie against a judgment debtor for the use and occupation of land set off on execution against him, where he contests the regularity of the proceedings, unless an express contract be proved.

PRACTICE. At the hearing of summary exceptions under *Stat.* 1822, *ch.* 193, the argument regularly should be confined to the points taken at the trial, and stated in the bill.

THIS was *assumpsit* for the use and occupation of a tenement in *Canaan*, and came before this Court upon exceptions filed in a summary manner in the Common Pleas.

It appeared that the plaintiffs, being judgment creditors of the defendant, had extended their execution on divers rooms, being part of his dwelling house, and the land on which that part stood;—that his *wife* had chosen one of the appraisers, he being absent out of the State;—that the plaintiffs had no possession of the premises, other than the formal livery of seisin made by the sheriff;—that the defendant continued to occupy the house as before;—and there was no evidence that he had ever made any agreement with the plaintiffs for the occupation of the tenement, or engaged to pay rent, or acknowledged in any manner that he held under them.

Upon this evidence the counsel for the defendant objected, 1st, that the return was illegal, for want of authority in the wife

to choose an appraiser, and because it shewed an inconvenient and ruinous division of a dwelling house ;—and 2d, that here was no contract upon which *assumpsit* could be maintained. But the Court below overruled the objections.

*Boutelle*, for the defendant, at the argument which was had at the last term in this county, maintained the objections to the return which were taken in the Court below : and offered to take another point which was not stated in the bill of exceptions. But *the Court* observed that in these cases the regular course of practice required that counsel should confine themselves to the points made at the trial and stated in the exceptions. Upon the *second* objection he argued that this form of action for use and occupation lies only upon an express promise, made at the time of the demise ;—that it will never lie for a stranger for the purpose of trying his title ;—and that here the defendant had remained in possession, always refusing to admit any title in the plaintiff under the extent. *Lawes on Plead. in assumpsit*, 492—6. *Smith v. Stewart*, 6 *Johns.* 46. *Codman v. Jenkins*, 14 *Mass.* 93.

*Rice*, for the plaintiff, denied that in this case there was any difference between an express and an implied promise ; and contended that this action will lie against one holding by *implied* permission ; and that the contract was found by the verdict below. 2 *Phil. Ev.* 68. note. 13 *Johns.* 240. *Dean, &c. of Rochester v. Pierce*, 1 *Campb.* 466. 8 *D. & E.* 327. *Cummings & al. v. Noyes*, 10 *Mass.* 433.

MELLEN C. J. at this term delivered the opinion of the Court. It is not necessary to give any opinion upon the objections taken to the legality of the extent ; because we are of opinion that if it be in all respects conformable to the provisions of the statute relating to that subject, the action cannot be maintained upon the facts stated in the exceptions. *Assumpsit* will not lie for use and occupation of land, unless upon some contract between the plaintiff and defendant. It may be express, or implied ;—but unless it be one or the other, the relation of landlord and tenant cannot exist,—as we had occasion lately to ob-

serve in the case of *Little v. Libby.* [*ante* p. 242.] In the present case no express contract is pretended ; and the case shows that no evidence was offered that the defendant in any manner acknowledged himself as holding the tenements under the plaintiffs. No fact appears on the exceptions from which such tenancy may be implied. On the contrary the defendant is objecting to the levy as irregular, and as having passed no estate to the plaintiffs. And notwithstanding the decision in *Cummings & al. v. Noyes,* we do not perceive on what principle the present action can be supported. The plaintiff must seek some other remedy.

*Exceptions overruled and Judgment affirmed.*